## LYON et al. v. BOH et al.

(Circuit Court of Appeals, Second Circuit. January 15, 1926.)

### No. 37.

**1. Patents ⬦⟹36—Patent held entitled to whatever favorable treatment arises from commercial success.**

Patent for first successful automobile buffer was entitled to whatever favorable treatment arises from commercial success.

**2. Equity ⬦⟹54—Equity acts in præsenti.**
Equity acts in præsenti.

**3. Patents ⬦⟹327—Decision in another circuit held binding on parties and privies.**
Decision in another circuit that patent involved therein was not infringed *held* binding on parties or their privies.

**4. Patents ⬦⟹165—Patentee is entitled to advantages inherent in disclosed invention duly claimed, whether he understood them or not.**

Patentee is entitled to all advantages inherent in his disclosed invention and duly claimed, whether he understood such advantages or not.

**5. Patents ⬦⟹168(1)—Patentee is estopped by acceptance of Patent Office rulings.**

Patentee is estopped by acceptance of Patent Office rulings.

**6. Patents ⬦⟹168(1)—Patentee's refusal to claim invention in one-piece automobile buffer held not to estop him from asserting infringement by defendant's one-piece buffer.**

Refusal of patentee to claim invention in one-piece automobile buffer on suggestion of

Examiner *held* to estop him only from asserting that one-piece device was his invention, but not that his invention was appropriated in defendant's one-piece buffer.

**7. Patents ⚙⟹236—Patent for form is avoided by change of form, but patent for substance cannot be so avoided.**

Patent for form is avoided by change of form, but patent for substance cannot be so avoided, and substance attacked must be different to escape infringement.

**8. Patents ⚙⟹328—1,198,246, claims 9, 14, and 18, held infringed.**

Lyon patent, 1,198,246, claims 9, 14, and 18, for motor vehicle buffer, *held* infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by George Albert Lyon and others against John F. Boh and another, copartners doing business as the New York & Brooklyn Automobile Supply Company, and another. Decree for defendants (1 F.[2d] 48), and plaintiffs appeal. Reversed.

Suit is upon a patent issued to plaintiff Lyon September 12, 1916, upon an application filed April 21, 1913. This application was divided June 30, 1916, and this patent, 1,198,246, resulted from one of the divisions.

The invention came before us in Lyon v. Hartford, 250 F. 1021, 162 C. C. A. 664, affirming (D. C.) 247 F. 524. In that earlier suit claim 18 (and other claims not here involved) were sued on, and the language of No. 18 may be found at 247 F. 528. The other claims now in suit, Nos. 9 and 14, are as follows:

"9. The automobile buffer, comprising horizontally yielding and substantially vertically rigid elements, including transversely *extending impact receiving members* and open-ended lateral loops, connected attaching members to be attached to the vehicle, connecting means connecting said impact receiving members and holding them against substantial relative vertical movement, and means providing for the lateral adjustment of said attaching members to adapt them for attachment to parts of vehicles located at different distances apart."

"14. The automobile buffer, comprising a vertically rigid spring having a transversely extending member and a rearwardly extending attaching member adapted to be attached to a side bar of the vehicle frame, said transversely extending member being arranged adjacent another transversely extending spring member of the buffer, and means for securing together said adjacent transversely extending members."

[1] It will be sufficient to refer to the Hartford Case for quotations from the specifications sufficiently showing the nature of the invention and the inventor's purpose; i. e., to produce a *buffer* for motor vehicles which would receive and withstand impacts *without permanent distortion*. In that case we also held, and now again hold, that the buffer of this patent invented by Lyon was the first successful motor vehicle buffer; it made the market for buffers, now very great, and the patent under which the successful Lyon buffer is made is entitled to whatever favorable treatment and/or interpretation arises from commercial success.

Since the appeal herein was taken a suit has been concluded in the Ninth Circuit (Northern District of California) which we think materially affects this cause. The patent here in suit is owned by Lyon et al. and the Metal Stamping Company is their exclusive licensee. The defendants Boh are merely dealers, and all that they are charged with doing is selling a buffer made under patent 1,374,893 (dated April 12, 1921, to Pancoast et al.) by defendant Biflex Products Company. But Biflex Company is the licensee of American Chain Company under patent to Hoover 1,191,306, issued July 18, 1916, on an application filed January 24, 1912.

This Hoover patent is owned by American Chain Company, and the suit in the Ninth Circuit was entitled Chester N. Weaver, Inc., v. American Chain Co., Inc., 9 F. (2d) 372. In that suit Weaver was accused of having infringed claims 1, 3, and 6 of the Hoover patent. The grant to Hoover is for a "bumper for vehicles," and the first and broadest claim is as follows:

"1. In a fender, the combination with a vehicle frame, of a continuous spring arranged transversely in front of the frame, the ends of the spring being bent upon itself to the rear and inwardly, the bends in said spring forming the ends of the fender, and means secured to the frame and to the said ends of the spring at a distance from the said bends and in rear of the main portion of the spring whereby the spring is supported."

Weaver also was a mere dealer, and his defense was conducted by the owners of the Lyon patent, viz. the plaintiffs in the present suit, and the record herein shows that American Chain Company in respect of the

suit at bar is fulfilling the obligation of its license to Biflex Products Company and is carrying on the defense against the Lyon patent in New York just as it openly conducted the attack upon that patent in California.

Thus in result the parties now before this court litigated in the Ninth Circuit two questions here important: (1) Was Hoover or Lyon the first to reduce the concept of their respective structures to practice? (2) If Hoover was first, did Lyon infringe Hoover's claims in suit?

The Ninth Circuit Court of Appeals, on November 2, 1925 (9 F.[2d] 372), held: (1) Hoover reduced to practice whatever he invented before Lyon did the same thing with his own invention; and (2) Lyon did not infringe claims 1, 3, and 6 of Hoover's patent.

We cannot discuss these findings. It makes no difference whether we agree or disagree; the result announced is binding upon the parties to the Ninth Circuit suit and their privies. Therefore, as between the real parties in interest to the present suit, the matters decided in California have passed in rem judicatam.

Hoover, in Fig. 4 of his specification, represented his concept as below:

Lyon represented two forms of his device, as below:

Of these, Fig. 2 represents probably the preferred and certainly the commoner form; the essential elements of success being the open ends *3, 3,* which give a resilient buffer in front of each fore wheel of the motor vehicle; and the meeting and overlapping spring ends *(1, 1),* which in the position shown give both strength and resilience against a head-on blow.

The Pancoast, etc., patent was embodied as below:

*Fig. 2.*

This (the Biflex buffer) has the same open loop ends as Lyon, but instead of obtaining central strength by using two springs with ends overlapping in the middle, it is a continuous strip of metal, of which the portion *9* is deflected from the plane *3, 3,* and then reinforced by the bolted-on part *8,* with the result that the central portion of the buffer, instead of being doubled (as in Lyon at *1, 1),* is of but a single thickness, but wider (as indicated by *8, 9).*

This device is adjustable by movable brackets on the rear portion of the continuous band *3, 9, 3,* instead of gaining adjustability as does Lyon by moving *1, 1* upon each other.

This case was tried below in January, 1924. Final decree was entered June 25, 1924, before the result of the Ninth Circuit litigation was known. The court below dismissed the bill on the ground of noninfringement; it passed upon no other question. Plaintiff appealed.

Drury W. Cooper and H. Frank Wiegand, both of New York City, for appellants.

Frederick S. Duncan and John H. Hilliard, both of New York City, for appellees.

Before ROGERS, HOUGH and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [2, 3] By taking notice of the decision in the Ninth Circuit in Weaver v. American Chain Co., and, remembering that equity acts in præsenti, we find ourselves in a legal atmosphere quite different from that prevailing in the court below, when its decision herein was rendered.

The parties to this suit, as against each other, can no longer anywhere assert that Lyon invented the subject-matter of his patent before Hoover invented that of his; but all controversy about that point is now beside the mark, for the same parties can never anywhere, as against each other, assert that Lyon's invention infringes claim 1 of Hoover. It follows that Hoover, in claim 1, sets forth something that did not and could not anticipate Lyon, something so remote from Lyon that the later invention is under no obligation to pay the slightest tribute to the earlier.

The ruling below in this case substantially restricted Lyon to a device by which both the strength of the front center of the buffer and the adjustability of the rear was derived from the two overlapping springs, so plainly shown in one of the diagrams above taken from Lyon's patent. This holding may be summed up in one sentence from the opinion below: "Lyon supposed that he had an invention made up of two connected springs." The court then in substance directed that Lyon should have no more than what in its opinion Lyon had thought out.

A second basic ruling below arose from a proceeding revealed by Lyon's file wrapper. Lyon and Hoover were copending applicants in the Patent Office, and the Examiner apparently drew a form of words which is now Hoover's claim 1, supra. He then invited Lyon's solicitor to enter upon an interference over this claim, although the Lyon application at the time embodied no such or similar claim.

Lyon declined entering into the interference, and the finding below is in substance that, *because* he declined to assert a right to something which is now conclusively held to be for a subject-matter wholly different from his own, he restricted himself to a device composed of overlapping separate springs, and debarred himself from claiming infringement by something made of a hoop of steel.

Defendant's present position may, we think, be thus stated: Hoover's concept was of continuity, of making a buffer out of a

hoop, although his form shown above does not express that thought. Lyon had no such concept, he refused even to ask for claim 1 of Hoover; therefore he can never say that any of the claims he did obtain can cover a device embodying continuity of periphery;. and the Biflex buffer patent dwells on that thought, and the buffer itself is licensed by Hoover, ergo there can be no infringement.

[4-6] We cannot so think of the patent at bar, especially after our decision in the Hartford Case, supra. We there found infringement in a device which had no overlapping springs, and substantially denied to that peculiarity of structure the controlling force given it below. We then recognized, and now recognize, the rule that a patentee is entitled to all the advantages inherent in his disclosed invention and duly claimed, whether he understood these advantages or not.

In point of *fact* we do not think it true that Lyon (as stated below) "submitted to the rejection of claims which covered a one-piece spring," in the sense of abandoning all claims that would read upon such a structure; for we deem it too plain to require exposition that the claims now in suit do so read.

In point of *law*, also, we cannot agree that, when Lyon refused to claim what the Examiner suggested, and let Hoover have it, he thereby abandoned all right to deny (as he now does) that *any* one-piece spring was outside of his patented invention.

Lyon was undoubtedly bound by such estoppels as arose from his conduct in accepting Office rulings, but we are of opinion that he estopped himself only from asserting that a one-piece hoop device was his invention. He could never say that the hoop concept was his, but he could say, and now says, that his inventive concept, duly claimed, may be found appropriated in a one-piece hoop spring fender buffer or bumper. Thus, as usual in causes of this kind, we are required to state what is to be found disclosed as the essence or kernel of Lyon's thought.

We think that the great merit of his invention is that he first thought out what may be called an *all-spring* buffer, something that would resiliently resist severe strains, and on release regain approximately its original form, although the strain were applied in center, or either end, or anywhere between. The means for utilizing this mental conception is essentially the open-ended loops extending over and in front of the wheels. By this means the buffer is *all-spring*, and is exactly what Hoover, with his carriage spring ends collapsible by hand pressure, is not.

[7] Hoover's idea may be and was sometimes reduced to practice by a continuous steel strip; defendant's Biflex device has such a strip; it is, indeed, made (save for the reinforce 8), of such a strip. But, if Hoover's ends, the only ends or extremities he shows and describes, be used, the Lyon idea is gone. A patent for a form is avoided by a change of form, but a patent for substance cannot be so avoided; the substance attacked must be different, to escape infringement.

[8] Thus we feel sure, as we did when hearing the Hartford Case, that what gives merit to, and forms the central idea of, Lyon's buffer, is not continuity or solution thereof in the form of the metal whereof it is formed, but the arrangement of one, two, or (as in Hartford or Biflex) three pieces of metal to form a defense against collision, which shall be both strong and resilient wherever the contact shock occurs, by *means* of open-ended loops.

It may be agreed that Lyon improved upon Hoover, whose device, as found in the California case, was made rather to sell than to use; but it was an improvement of the kind (a long way behind to be sure) that was instanced by putting the needle's eye in the sharp rather than the blunt end of that instrument. It was assuredly a great deal more than fitting two overlapping springs together to secure adjustment to varying makes of motors.

Our estimate of the nature of the invention disclosed by the patent requires that the decree below be reversed, with costs.