## HILDITCH et al. v. E. KRIEGER & SON, Inc.

(District Court, E. D. New York. November 9, 1926.)

No. 2761.

Patents ⬤ 301(7).

Where there is no substantial doubt as to alleged patent infringement, and no proof of establishment of definite royalty or license fee, preliminary injunction will not be denied, merely because defendant was financially responsible.

In Equity. Patent infringement suit by Frederick W. Hilditch, as trustee, and the American Chain Company, Inc., against E. Krieger & Son, Inc. On motion for a preliminary injunction. Motion granted.

Jeffery, Kimball · & Eggleston, of New York City, for plaintiffs.

Baar & Donaldson, of New York City, for defendant.

CAMPBELL, District Judge. This is a motion for a preliminary injunction in an action in equity in which plaintiffs seek damages, and injunctive relief, for an alleged infringement by the defendant of patent No. 1,198,246, for buffer for motor vehicles, issued by the United States Patent Office to George Albert Lyon, dated September 12, 1916. The claims involved in the instant suit are 9, 14, and 18. The defense is principally that of noninfringement. Several actions have been brought on the patent in suit.

In the latter part of 1916 an action was brought in the United States District Court for the Southern District of New York by Lyon Non-Skid Company and Metal Stamping Company against Edward V. Hartford, Inc., and after trial before Judge Manton a decree was entered, adjudging the patent valid and infringed; his opinion being reported in 247 F. 524. From that decree an appeal was taken, and the decree of the District Court was affirmed by the Circuit Court of Appeals for the Second Circuit, without opinion, a memorandum decision being reported in 250 F. 1021, 162 C. C. A. 664. The claims involved in that suit were claims 3, 4, 5, 7, 8, 10, 15, and 18; the infringing structure being known as the "Hartford bumper."

In June, 1921, another suit was commenced in the United States District Court for the Southern District of New York by George Albert Lyon, Alexander Wilson, Jr., and Metal Stamping Company, Inc., against John F. Boh and Eva F. Boh, copartners doing business as New York & Brooklyn Automobile Supply Company, and Biflex Products Company. On appeal, the Circuit Court of Appeals rendered a decision holding the claims valid and infringed; the opinion being written by Judge Hough, and reported in 10 F. (2d) 30. The claims involved in that suit were 9, 14, and 18, and the infringing bumper was known as the "Biflex bumper."

On July 1, 1926, a suit was commenced in this court by the plaintiffs against American Bumper Corporation, and a motion for a preliminary injunction, after argument before me, was granted. The claims involved in that action were 9, 14, and 18.

In another action commenced in this court in August, 1926, by plaintiffs against the Eaton Bumper & Spring Service Company of New York, Inc., a motion for a preliminary injunction came on for hearing before Judge Moscowitz, and, the defendant not appearing in opposition thereto, the motion was granted. The claims involved in that suit being 9, 14, and 18.

Circuit Judge Hough, in Lyon et al. v. Boh et al., supra, in speaking of Lyon's invention in the patent in suit, at page 34 said:

"We think that the great merit of his invention is that he first thought out what may be called an *all-spring* buffer, something that would resiliently resist severe strains, and on release regain approximately its original form, although the strain were applied in center, or either end, or anywhere between. The means for utilizing this metal conception is essentially the open-ended loops extending over and in front of the wheels. By this means the buffer is *all spring,* and is exactly what Hoover, with his carriage spring ends collapsible by hand pressure, is not."

Again at page 34 he says:

"Thus we feel sure, as we did when hearing the Hartford Case, that what gives merit to, and forms the central idea of, Lyon's buffer, is not continuity or solution thereof in the form of the metal whereof it is formed, but the arrangement of one, two, or (as in Hartford or Biflex) three pieces of metal to form a defense against collision, which shall be both strong and resilient wherever the contact shock occurs, by *means* of open-ended loops."

Claim 18 of the patent in suit reads as follows:

"The automobile buffer comprising open-ended loops extending outwardly at the transverse ends of the buffer and an impact-receiving portion forming a continuation of said loops and spacing them apart, said loops and impact-receiving portion being vertically rigid, but horizontally yieldable, and rearwardly extending attaching means to mount said buffer on the vehicle frame and relatively adjustable to fit the supporting members of the vehicle, which are at different distances apart."

The bumpers of the defendant involved in the instant suit are known as the "Bil-Cox bumpers." The open-ended loops, projecting out in front of the car wheels, are found in both the front and rear Bil-Cox bumpers. The impact-receiving portion of the Bil-Cox bumper is of multiple form, but that was also the case with the Biflex, American, and Eaton bumpers, which were enjoined, and is vertically rigid and horizontally yieldable. Clamping devices are also provided in the Bil-Cox bumper, for attaching the bumper to the car frame, which are adjustable to different widths of frame.

Claim 9 of the patent in suit reads as follows:

"The automobile buffer comprising horizontally yielding and substantially vertically rigid elements including transversely extending impact receiving members and open-ended lateral loops, connected attaching members to be attached to the vehicle, connecting means connecting said impact-receiving members and holding them against substantial relative vertical movement and means providing for the lateral adjustment of said attaching members to adapt them for attachment to parts of vehicles located at different distances apart."

The principal difference between claims 9 and 18 is that in claim 9 there is the additional statement of means for connecting or spacing the bars forming the impact members to hold them against substantial relative movement. This additional means is found in both of defendant's buffers.

Claim 14 of the patent in suit reads as follows:

"The automobile buffer comprising a vertically rigid spring having a transversely extending member and a rearwardly extending attaching member adapted to be attached to a side bar of the vehicle frame, said transversely extending member being arranged adjacent another transversely extending spring member of the buffer, and means for securing together said adjacent transversely extending members."

The principal difference between claims 14 and 9 is that in claim 14 there is the requirement of lateral adjustability of the rearwardly extending attaching means, and it also differs from claim 18 principally in the inclusion of the requirement that the impact portion of the buffer shall consist of two adjacent spring members, with means for holding them together. There is no mention of open-ended loops in this claim, but it would appear that they are to be implied.

Both of defendant's buffers respond in terms and substance to the requirements of such claim. The similarity of the defendant's Bil-Cox buffers with the buffers of the patent in suit, and those which were enjoined in the prior suits, is readily apparent, although they differ in configuration of some of their parts; and this was also true of the bumpers which were enjoined in the prior suits, because they also differed in configuration with those of the patent in suit, but the essential mode of operation of the bumpers of the patent in suit has not been modified in the defendant's Bil-Cox bumpers.

The defendant's Bil-Cox front bumpers are of the hoop type, embracing a front and rear member, with open-ended loops projecting out in front of the car wheels. The defendant's Bil-Cox rear bumper has no rear member, but has open loop ends that project in front of the car wheel; the said loops being connected by impact members of multiple form. It appears to me to be certain that the defendant's Bil-Cox bumper, under impact either at the ends, the center, or at points between the ends and the center, will, when released, tend to return to its normal position, and is therefore an all spring bumper.

Defendant contends that the Bil-Cox bumper which it is selling is made in accordance with patent No. 1,557,719, issued by the United States Patent Office to Joseph J. Mascuch, for automobile bumper, dated October 20, 1925; but, even if that be so, it does not prove that the bumper produced does not follow the teaching of the patent in suit; on the

contrary, I have found that the Bil-Cox bumpers sold by the defendant do, in my opinion, follow such teaching.

Undoubtedly the supplemental fittings *14* and *20* of the Mascuch patent are additions to the specific forms of the Lyon patent in suit, and all the claims of the Mascuch patent are restricted to structures containing those features; but, even if the addition of those fittings should be held to be an improvement, that would not relieve the defendant from the charge of infringement.

The use of the curled tail *14,* extending out beyond the loop, does not make the Bil-Cox bumper a Hoover bumper, because the Hoover bumper has no open-ended loop, while the Lyon bumper of the patent in suit and the Bil-Cox bumper have the open-ended loop. Even if the impact of the collision falls on the tail *14,* the resiliency of the open-ended loop of the defendant's Bil-Cox bumper will be utilized.

That the defendant's impact bars *11* and *12* are different pieces of metal from the loops does not, in my opinion, relieve it from infringement, because claim 18 of the Lyon patent in suit does not call for the same metal pieces extending through one loop, and then across the car to and through the other loop. What Lyon invented was a bumper with two open-ended loops, joined, but spaced apart, by an impact-receiving portion. No wide range of equivalents is necessarily accorded to Lyon in finding that the defendant's device is the full mechanical equivalent of that disclosed in the patent in suit.

The three prior art patents submitted by the defendant, with the affidavit of Mr. Krieger, do not, in my opinion, tend to detract from the validity of the patent in suit, which has heretofore been adjudicated.

Patent No. 955,624, to Welton, shows a bumper which is not an all-spring bumper with open-ended loops. This patent was cited in the Boh Case.

Patent No. 750,719, to Sprich, is not for an automobile or car bumper, but is for a different art, viz., trolley car fender, not designed to protect the car, nor bring an automobile to a cushioned stop in case of collision, but to protect a pedestrian in case he is struck by a car.

Patent No. 548,967, to Darrach, is likewise for a trolley car fender, and adds nothing to the Sprich patent. Neither discloses the invention of Lyon in the patent in suit.

There is no proof before me of any establishment of definite royalty or license fee, and I am not in such doubt about the infringement alleged in the instant suit that I feel a preliminary injunction should be denied, simply because defendant may be financially able to respond to damages.

Motion for preliminary injunction will be granted, on plaintiffs giving security in an amount to be determined. Settle order on notice, at which time counsel will be heard, and I will determine the amount of security to be given by plaintiff, and at the same time I will hear counsel and determine with reference to suspending the injunction on defendant giving security, and the amount of such security.