## HILDITCH v. BETHLEHEM BUMPER CO., Inc.

District Court, E. D. New York. November 10, 1926.

**Patents ⬤⟶303—Plaintiff in patent infringement suit must show right to, and satisfactory reason for, preliminary injunction.**

Plaintiff in patent infringement suit, seeking to secure a preliminary injunction, must show on all the papers before the court its right to, and satisfactory reason for, such relief.

See, also, 15 F.(2d) 451; 25 F.(2d) 353, 355.

Jeffery, Kimball & Eggleston, of New York City, for plaintiff.

Nordlinger & Riegelman, of New York City (Nelson Littell, of New York City, of counsel), for defendant.

INCH, District Judge. This is a motion for a preliminary injunction. Plaintiff is suing defendant, in this court, for a permanent injunction restraining the defendant, etc., from selling certain automobile bumpers claimed by plaintiff to infringe United States letters patent No. 1,198,246 (Lyon); the rights to said invention being duly in plaintiffs by means of assignment, etc.

Plaintiffs must show on *all* the papers before the court its right to and satisfactory reason for such relief before a preliminary injunction will be granted. Welsbach Light Co. v. Cosmopolitan Gas Light Co. (C. C.) 100 F. 650. Where the absence of equities on the part of defendant also appears, and it appears that property rights of plaintiff should be preserved, it is proper to grant such injunction. Allington & Curtis Mfg. Co. v. Booth (C. C. A.) 78 F. 878.

I find no question here of laches or estoppel or other matters often relied upon to defeat this sometimes drastic remedy.

On the contrary, after duly considering the mass of affidavits, depositions, and other exhibits, the issue seems to be the consideration by the court of the front and rear bumper, being manufactured and sold by the defendant, and the letters patent, issued to George A. Lyon, applied for June 30, 1916, granted September 12, 1916, No. 1,198,246, for a "buffer for motor vehicles," above referred to, all rights in which belong to plaintiff as aforesaid.

This patent has been sustained in several cases. Lyon Non-Skid Co. et al. v. Hartford,

Inc. (D. C.) 247 F. 524, affirmed (C. C. A.) 250 F. 1021; Lyon et al. v. Boh et al. (C. C. A.) 10 F.(2d) 30; Hilditch, as Trustee, et al. v. American Bumper Corporation (D. C.) 15 F.(2d) 451.

It would seem therefore unnecessary to burden this opinion with a detailed discussion of this patent which, particularly in the Lyon Non-Skid v. Hartford case, supra, is fully discussed in all its branches by Judge Manton, then sitting in the District Court.

Reading the various opinions in the above cases, it would appear to be that the Lyon buffer proved to be the first successful bumper; that the loop ends produced a spring construction of great resiliency, making little difference as to what part of the bumper was struck. It withstood impacts because of this "springy" effect without permanent distortion. It formed a "defense against collision which shall be both strong and resilient wherever the contact shock occurs by means of open ended loops." Hough, C. J. Lyon v. Boh, supra.

Judge Campbell, as late as September 4, 1926, decided, in the case of Hilditch v. American Bumper Corporation, supra, that a bumper put out by that defendant infringed this Lyon patent, although he also states that he understood the counsel for that defendant to concede such infringement.

On the argument of this motion before me, it seemed plain that the present bumper of defendant, to be used for the front of a car, is practically the same as that made by the American Bumper Corporation, and which was before Judge Campbell.

The rear bumper made by defendant is somewhat different mechanically, due to the fact that the modern trend is to utilize the spare tire, usually at the rear of an automobile, as a sort of bumper, thus making the actual bumper cover each of the exposed rear ends of the car.

In defendant's rear bumper, however, while this adaptation has been followed, the same function of the bumper is depended upon as in the front bumper. We have the loop ends, and the principle which the courts have repeatedly upheld, as above set forth, as belonging to Lyon. The various learned and technical arguments advanced by experts for defendant, to the effect that, instead of depending on the resiliency of the loop ends, defendant's bumper depends for resiliency on the impact portion itself, and similar claims, illustrated by photographs of pressure loads (all of which seem to be confined to the middle of the bumper) have been duly considered, but all such claims must be view-

ed in the light of defendant's actual bumper construction which was before this court.

Considering such bumpers themselves, and giving due regard to the decisions of the courts as to this Lyon patent, the function performed by the end loops, discovered and made commercial by Lyon, appears to be exactly the same as is now performed by the loops in both of defendant's bumpers.

The defendant seems to feel unduly alarmed that this court will not consider the merits of this motion because of the said decision of Judge Campbell in the case of the American Bumper Corporation suit. If the front bumper of the defendant was all that was before this court, it might well be sufficient to consider the matter settled by the careful opinion in that case. The rear bumpers, however, as I have said, are somewhat different in mechanical construction, and a similar bumper does not seem to have been before Judge Campbell.

Consequently, it has been necessary for me to consider the merits of both of defendant's bumpers as to whether or not they plainly appear to infringe the Lyon patent. I have done so. I am satisfied that plaintiff has duly shown a case entitling it to the relief asked for in its moving papers, and I direct that a preliminary injunction issue. The amount of bond to be given by plaintiff will be reached by leaving the space for same in the order to be entered hereon, settled on notice, and submission by the parties at that time of their views as to same in written form.