## HILDITCH et al. v. BETHLEHEM BUMPER CO.

District Court, E. D. New York. April 18, 1927.

Patents ☞328—1,198,246, claims 9, 14 and 18, for automobile bumper, held valid and infringed.

Lyon patent, No. 1,198,246, claims 9, 14, and 18, for an automobile bumper, *held* valid and infringed.

See, also, 15 F.(2d) 451; 25 F.(2d) 352, 355.

Jeffery, Kimball & Eggleston, and Frederick S. Duncan and Oscar W. Jeffery, all of New York City, for plaintiffs.

Nordlinger & Riegelman, and Nelson Littell, all of New York City, for defendant.

INCH, District Judge. This is a patent suit. On the trial it was conceded that, for the purposes of the trial, the plaintiff had title to the Lyon patent in suit. This Lyon patent was first applied for April 21, 1913, divided and application filed June 30, 1916, United States patent granted September 12, 1916, No. 1,198,246.

Due notice to defendant as to a claimed infringement was likewise conceded.

The defendant is engaged in dealing in automobile bumpers, with its principal place of business located in Brooklyn, Eastern district of New York.

Defendant's engineer and factory manager, before his association with defendant, had previously been connected with another company, a large manufacturer of the Lyon bumper, and at that time the exclusive licensee under the Lyon patent; thereafter he formed a connection with another company, the Bell Safety Bumper Company, one of the owners of which was connected with the American Bumper Corporation, later, as stated, becoming the engineer and factory manager of the defendant.

This is mentioned for the reason that various bumpers have been held to infringe the Lyon patent; among them being those made by the said American Bumper Corporation.

The bumper structure manufactured for or by and sold by defendant, and which plaintiff claims infringes the Lyon patent, consists of a front bumper (Plaintiff's Exhibit 4) and a rear bumper (Plaintiff's Exhibit 5).

At the time of the purchase of these bumpers, the necessary fitttings to attach the front bumper were not delivered, but were paid for to be delivered within a day or so. The fittings for the rear bumper were sold and delivered, unattached, being in a separate box.

The real controversy presented at this trial was whether or not these said bumpers of defendant infringe the Lyon patent, assuming that said patent is valid.

On the question of validity of the Lyon patent little time need be spent. This Lyon patent has been passed on by the Circuit Court of Appeals of this circuit, and its validity and scope established in two contested cases. In both of the suits, most carefully considered opinions were written. Lyons v. Hartford (D. C.) 247 F. 524, opinion by Manton, then District Judge, affirmed without opinion (C. C. A.) 250 F. 1021; Lyon v. Boh (C. C. A.) 10 F.(2d) 30, opinion of Hough, C. J.

In addition, the patent has been considered by the Circuit Court of Appeals, Ninth Circuit. American Chain Co. v. Weaver, 9 F.(2d) 369. It has also been before this court on several occasions. Hilditch v. American Bumper Corp. (D. C.) 15 F.(2d) 451; Hilditch v. Eaton; Hilditch v. Krieger (D. C.) 15 F.(2d) 393, opinions of Judge Campbell. In the above American and Krieger Cases the matter came before me as well.

There is no question therefore, in my opinion, about the validity of the Lyon patent.

In addition, a preliminary injunction has been granted by me in this present case. Hilditch v. Bethlehem Bumper Co., Inc. (D. C.) 25 F.(2d) 352, November 10, 1926. There would hardly seem any necessity for me to add further to the opinion written by me granting the above preliminary injunction.

I find nothing in this record, although large and representing a very careful and earnest contest by counsel for defendant, that would cause me to change my opinion there expressed.

However, as this is a trial, and counsel for defendant seemed to intimate that there is an unfair attempt being made by plaintiff, under the guise of the Lyon claims, to monopolize the entire bumper market, it seems necessary to write a brief opinion.

Plaintiff has three causes of action. They are claims 9, 14, and 18 of the said Lyon patent. These claims are as follows:

"9. The automobile buffer comprising horizontally yielding and substantially vertically rigid elements including transversely extending impact receiving members and open ended lateral loops, connected attaching members to be attached to the vehicle, connecting means connecting said impact receiving members and holding them against substantial relative vertical movement and means providing for the lateral adjustment of said attaching members to adapt them for attachment to parts of vehicles located at different distances apart."

"14. The automobile buffer comprising a vertically rigid spring having a transversely extending member and a rearwardly extending attaching member adapted to be attached to a side bar of the vehicle frame, said transversely extending member being arranged adjacent another transversely extending spring member of the buffer, and means for securing together said adjacent transversely extending members."

"18. The automobile buffer comprising open ended loops extending outwardly at the transverse ends of the buffer and an impact receiving portion forming a continuation of said loops and spacing them apart, said loops and impact receiving portion being vertically rigid but horizontally yieldable and rearwardly extending attaching means to mount said buffer on the vehicle frame and relatively adjustable to fit the supporting members of the vehicle which are at different distances apart."

The defendant's front and rear bumpers clearly infringe these claims. They are made of flat strip resilient spring steel, provided with elongated loops having open ends and all portions of the loop have a part in resisting, resiliently, severe strains; the means being essentially these open end loops extending over and in front of the wheels.

It also should not be overlooked that the Lyon type of bumper disclosed by the Lyon patent was a great step in advance in the art, solving to a considerable extent the problem of a successful automobile bumper.

Naturally, attempts are many and varied, once the "idea" or invention has been disclosed, to avoid the monopoly rightfully belonging to Lyon (limited as it is), allowed to him because of his bringing out and disclosing this new resilient open end bumper.

In the defendant's structures, as I have said, we find these open ends, and the presence in them of bolts or other devices to which the upper and lower impact bars are connected do not change this essential "idea" or principle of operation of the Lyon bumper as disclosed by the patent or the function of these open end loops. The devices are simply details more or less useful but none of them sufficient to even hide the evident intent of the infringer.

There were witnesses placed on the stand to show the result of tests conducted in a machine shop to no extent the same as would be met with in the ordinary traffic by an automobile equipped with the bumpers in question.

It would seem to be contended during the trial that the Lyon open end loop "idea" or invention should be confined to a certain number of inches instead of considering the real invention as it is disclosed; for instance, the testimony covering loops claimed to be 3½ inches and those alleged to be 10½ inches.

This is not the issue. The real issue is whether or not defendant's bumpers have open end loops representing the disclosed "means" for "utilizing this mental conception" of Lyon, producing what may be called by this "means" "an all spring buffer."

The Lyon invention is not such a slight and comparatively unimportant step in advance as to warrant such trimming down of his idea.

The loop ends in the Bethlehem bumpers function the same as those disclosed by Lyon, to wit, a co-operation with the other portions of the device receiving, resisting, and distributing the stresses due to impact at times of collision.

Both the front and rear bumpers of defendant certainly are provided with open loops at their ends, and they extend in front of and act as protectors for the wheels, etc.

The essential characteristic of the Lyon disclosure is all spring, and this includes this means of open end loops. The use of pivots or vertical pins connecting with the extreme end of the impact members where they are recurved toward the back of the bumper and the ends of the rear members do not alter this fundamental principle of operation, and have no effect upon the general principle of operation of these loop ends as a shock-absorbing or cushioning device. In other words, I find that the defendant's two bumpers, Plaintiff's Exhibits 4 and 5, infringe the Lyon claims relied on by plaintiff.

This does not mean that there may not be subsequently brought on the market other bumpers equally effective and of different construction which will not infringe the Lyon patent, but it does mean that the Lyon idea is a new and successful one, and that he is entitled to enjoy it regardless of how his all spring open end loop is adopted for automobiles, and however the use of his idea may be attempted to be disguised by various devices so long as its function and his mental concept and disclosure is utilized.

Skilled mechanics must think up something of their own which amounts to invention. They should not utilize the discovery of another, claiming it to be an "invention" of their own.

Decree for plaintiff.